UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANA ROSE SMALLWOOD,

    Plaintiff,

v.

A & G MANAGEMENT, LLC,

    Defendant.
_____/

Case No. 2:19-cv-11245

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING
## **DEFENDANTS MOTION TO DISMISS [15]**

On April 30, 2019, Plaintiff Shana Rose Smallwood filed a pro se complaint against Defendant A & G Management LLC and an application to proceed without prepaying fees or costs ("IFP"). ECF 1, 2. On May 6, 2019, the Court granted Plaintiff leave to proceed IFP. ECF 4. On June 6, 2019, Plaintiff filed an amended complaint, in which she alleged violations of the Privacy Act, 5 U.S.C. § 552a ("the Privacy Act") and of the Equal Credit Opportunity Act, 15 U.S.C. § 1691a(e) ("ECOA"). ECF 7, PgID 21, 25. On August 12, 2019, Defendant filed a motion to dismiss for failure to state a claim. ECF 15. Plaintiff failed to timely respond. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the Court will grant Defendant's motion and dismiss the case.

## BACKGROUND

In March 2019, Plaintiff allegedly contacted Defendant about a residential rental property: Defendant allegedly managed the property. ECF 15, PgID 44. Defendant set up an online portal for Plaintiff so she could complete her application

1

to rent a unit. *Id.* Defendant alleges that Plaintiff submitted part of her application, but did not submit all of the required documents, and that Plaintiff's application fee was "returned for non-sufficient funds, as [Plaintiff] had made an error" when entering her information. *Id.* at 44–45. Plaintiff claims that Defendant violated the Privacy Act by "[d]emanding [her] personal bank statements and tax return [sic]." ECF 7, PgID 23. She also alleges that Defendant violated the ECOA by pulling her credit report and not sending her a denial "stating a reason for[] the denial." *Id.* at 25.

**LEGAL STANDARD**

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court must view the complaint in the light most favorable to Plaintiff, presume the truth of all well-pleaded factual assertions, and draw every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009). Additionally, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and

matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308, 322 (2007).

**DISCUSSION**

Plaintiff raises two claims in her first amended complaint.[1] The Court will address each in turn.

I.  The Privacy Act Claim

First, Plaintiff alleges that Defendant violated the Privacy Act by "demanding [her] personal bank statements and tax return[s]." ECF 7, PgID 23. Her claim fails, however, because Defendant is a private entity. *See* ECF 15-1, PgID 58 (Defendant's public filing with the Michigan Department of Licensing and Regulatory Affairs showing it is a private LLC). Under the Privacy Act, "[a] civil damage action may be brought solely against an 'agency.'" *Windson v. The Tennessean*, 719 F.2d 155, 160 (1983) (citing 5 U.S.C. § 552a(g)). The Privacy Act defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the government (including Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Defendant, a private LLC, does not fall within the statutory definition of agency, so Plaintiff's claim fails as a matter of law. The Court will therefore dismiss her Privacy Act Claim.

---

[1] Because Plaintiff's first amended complaint supersedes all prior complaints, Plaintiff's original complaint "is a nullity," and the Court will refer only to the amended complaint. *See Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing *Pintando v. Miami–Dade Housing Agency,* 501 F.3d 1241, 1243 (11th Cir. 2007)).

3

II. <u>Equal Credit Opportunity Act Claim</u>

Second, Plaintiff alleges that it was unnecessary for Defendant to "pull [her] credit file" and that Defendant violated the ECOA by not sending her "a denial letter stating a reason for[] the denial." ECF 7, PgID 25. But Defendant was not required to send Plaintiff a denial letter because her application was—by her own admission in her complaint—incomplete. She admits that she "refused to provide [] vital information to the Management Company." *Id.* at 24. The ECOA provides that if a creditor needs additional information from the applicant, "the creditor shall send a written notice to the applicant specifying the information needed, designating a reasonable period of time for the applicant to provide the information, and informing the applicant that failure to provide the information requested will result in no further consideration being given to the application." 12 C.F.R. § 1002.9(c)(2) (2011).

Nowhere in Plaintiff's complaint does she allege that Defendant failed to send her a notice of incompleteness. And Defendant attached the notice of missing information it sent to Plaintiff to its motion.[2] ECF 15-1, PgID 55–57. Plaintiff did not respond to Defendant's motion, and she does not dispute that Defendant sent her a notice of incompleteness. Once a creditor sends a notice of incompleteness, it has "no further obligation" under the ECOA "if the applicant fails to respond within the designated time period." 12 C.F.R. § 1002.9(C)(2) (2011). Plaintiff failed to allege that

---

[2] The Court will consider the notice of incompleteness attached to Defendant's motion without converting the motion to one for summary judgment because the notice "governs the [P]laintiff's rights and is necessarily incorporated by reference." *Mitchell through Mitchell v. Cmty. Mental Health of Cent. Mich.*, 243 F. Supp 3d. 822, 832 (E.D. Mich. 2017) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 2007)).

4

she provided the information or responded to Defendant's notice of incompleteness in any way. The Court will therefore grant Defendant's motion and dismiss Plaintiff's complaint.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to dismiss [15] is **GRANTED**.

This is a final order and closes the case.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 27, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 27, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager